**Last revised: August 1, 2017**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re: | Case No.: __16-18610-KCF__ |
| Tyrone A. Johnson | Judge: __Ferguson__ |
| Debtor(s) | |

## Chapter 13 Plan and Motions

☐ Original      ☒ Modified/Notice Required      Date: __11/13/2017__

☐ Motions Included      ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: __BJS__      Initial Debtor: __TAJ__      Initial Co-Debtor: _____

**Part 1:    Payment and Length of Plan**

a. The debtor shall pay $ _____878.00_____ per _____month_____ to the Chapter 13 Trustee, starting on _____12/01/2017_____ for approximately _____42_____ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒    Future earnings

☐    Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:
Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☐ Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

**Part 2:    Adequate Protection  ☒ NONE**

a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b.  Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

a.   All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 2,810.00 |
| INTERNAL REVENUE SERVICE | FEDERAL INCOME TAX | $15,000.00 |

b.  Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
|  | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: |  |  |

**Part 4:    Secured Claims**

**a. Curing Default and Maintaining Payments on Principal Residence: ☐ NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Specialized Loan Servicing | 335 Yale Road | $13,000.00 | | $13,000.00 | $1,573.00 |

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:  ☐ NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| AmeriCredit/GM Financial | 2015 Chevy Traverse | $2,733.04 | | $2,733.04 | $680.00 |

**c. Secured claims excluded from 11 U.S.C. 506:  ☒ NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| | | | | |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☒ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☒ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☒ **NONE**

The following secured claims are unaffected by the Plan:

| **g. Secured Claims to be Paid in Full Through the Plan**: ☒ NONE | | |
|---|---|---|
| Creditor | Collateral | Total Amount to be Paid Through the Plan |
| | | |

**Part 5:    Unsecured Claims ☐ NONE**

   a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

   ☐ Not less than $ _____ to be distributed *pro rata*

   ☒ Not less than _____100_____ percent

   ☐ *Pro Rata* distribution from any remaining funds

   b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| | | | |

**Part 6:    Executory Contracts and Unexpired Leases ☒ NONE**

   (NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

   All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| | | | | |

**Part 7:    Motions** ☒ **NONE**

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

   a. **Motion to Avoid Liens Under 11. U.S.C. Section 522(f).**   ☒ **NONE**

   The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|   |   |   |   |   |   |   |   |

   b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.**   ☒ **NONE**

   The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|   |   |   |   |   |   |   |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

## Part 8:    Other Plan Provisions

**a. Vesting of Property of the Estate**

☒    Upon confirmation

☐    Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Brad J. Spiller, Esquire
3) Secured
4) Priority/Unsecured

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

**Part 9:    Modification  ☒ NONE**

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: _____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
|  |  |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☐ No

**Part 10:    Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date: 11/13/2017                           /s/ Brad J. Spiller
                                           Attorney for the Debtor

Date: 11/13/2017                           /s/ Tyrone A. Johnson
                                           Debtor

Date: _____    _____
                                           Joint Debtor

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

Date: 11/13/2017                                    /s/ Brad J. Spiller
                                                    Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date: 11/13/2017                                    /s/ Tyrone A. Johnson
                                                    Debtor

Date: _____                                _____
                                                    Joint Debtor

United States Bankruptcy Court
District of New Jersey

In re:                                                                 Case No. 16-18610-KCF
Tyrone A. Johnson                                                      Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0312-3          User: admin              Page 1 of 2            Date Rcvd: Nov 13, 2017
                              Form ID: pdf901          Total Noticed: 16

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 15, 2017.
```
db             +Tyrone A. Johnson,    335 Yale Road,    Pemberton, NJ 08068-1734
cr             +Americredit Financial Services, Inc., d/b/a GM Fin,    4000 Embarcadero Dr.,
                 Arlington, TX 76014-4101
cr             +Specialized Loan Servicing LLC as servicing agent,    c/o Buckley Madole PC,
                 99 Wood Ave South #803,    Iselin, NJ 08830-2713
cr             +Specialized Loan Servicing LLC, as servicing agent,    P. O. Box 9013,    Addison, TX 75001-9013
cr             +The Bank of New York Mellon FKA The Bank of New Yo,    C/O Buckley Madole, P.C.,
                 99 Wood Avenue South, Suite 803,    Iselin, NJ 08830-2713
516169663      +AmeriCredit Financial Services, Inc. dba GM Financ,    P O Box 183853,
                 Arlington, TX 76096-3853
516156672      +AmeriCredit/GM Financial,    Po Box 183583,    Arlington, TX 76096-3583
516241853       Capital One Bank (USA), N.A.,    PO Box 71083,    Charlotte, NC 28272-1083
516338264      +Emrg Phy Assoc of S.Jersey,Pc,    6681 Country CLub Drive,    Golden Valley MN 55427-4601
516959962     ++STATE OF NEW JERSEY,    DIVISION OF TAXATION BANKRUPTCY UNIT,    PO BOX 245,
                 TRENTON NJ 08646-0245
               (address filed with court:    State of New Jersey,    Department of the Treasury,
                 Division of Taxation,    PO box 245,    Trenton, NJ 08695-0245)
516156674      +Specialized Loan Servicing,    8742 Lucent Blvd # 300,    Littleton, CO 80129-2386
516281320      +The Bank of New York Mellon, Trustee(See 410),    c/o Specialized Loan Servicing LLC,
                 8742 Lucent Blvd, Suite 300,    Highlands Ranch, Colorado 80129-2386
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg             E-mail/Text: usanj.njbankr@usdoj.gov Nov 13 2017 23:36:38      U.S. Attorney,   970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Nov 13 2017 23:36:35      United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,   One Newark Center,   Suite 2100,
                 Newark, NJ 07102-5235
516157982      +E-mail/Text: bankruptcy@cavps.com Nov 13 2017 23:36:49      Cavalry SPV I, LLC,
                 500 Summit Lake Drive, Ste 400,    Valhalla, NY 10595-1340
516181533       E-mail/Text: cio.bncmail@irs.gov Nov 13 2017 23:36:11      Dept. of the Treasury,   IRS,
                 PO Box 7346,    Philadelphia, PA 19101-7346
                                                                                              TOTAL: 4
```
```
           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
516156673*    ++INTERNAL REVENUE SERVICE,    CENTRALIZED INSOLVENCY OPERATIONS,   PO BOX 7346,
                 PHILADELPHIA PA 19101-7346
               (address filed with court:    Internal Revenue Service,    PO Box 21126,   Philadelphia, PA 19114)
                                                                                   TOTALS: 0, * 1, ## 0
```
Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 15, 2017                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 13, 2017 at the address(es) listed below:
```
              Albert Russo    on behalf of Trustee Albert  Russo docs@russotrustee.com
              Albert Russo    docs@russotrustee.com
              Brad J. Spiller    on behalf of Debtor Tyrone A. Johnson bankruptcy@brennerlawoffice.com,
               aarcher@brennerlawoffice.com
              Denise E. Carlon    on behalf of Creditor    The Bank of New York Mellon FKA The Bank of New York,
               as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series
               2007-9 dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com
```

```
District/off: 0312-3          User: admin                Page 2 of 2                  Date Rcvd: Nov 13, 2017
                              Form ID: pdf901            Total Noticed: 16
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)

          Francesca Ann Arcure    on behalf of Creditor    The Bank of New York Mellon FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-9 nj_ecf_notices@buckleymadole.com

          Francesca Ann Arcure    on behalf of Creditor    Specialized Loan Servicing LLC as servicing agent for The Bank of New York Mellon FKA The Bank of New York, as Trustee for the Certificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2007 nj_ecf_notices@buckleymadole.com

          Francesca Ann Arcure    on behalf of Creditor    Specialized Loan Servicing LLC, as servicing agent for The Bank of New York Mellon FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series nj_ecf_notices@buckleymadole.com

          John R. Morton, Jr.    on behalf of Creditor    Americredit Financial Services, Inc., d/b/a GM Financial ecfmail@mortoncraig.com, mortoncraigecf@gmail.com

          TOTAL: 8